[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE COUNT ONE
This is a second revised two-count complaint dated December 17, 1995 against the City of Hartford and Michael Santilli its employee claiming damages in Count One for intentional infliction of emotional damages to Plaintiff while he was a fellow employee and in Count Two for a violation of Plaintiff's civil rights under § 42 U.S.C. § 1983.
The plaintiff claims in the first count that Santilli CT Page 5774 harassed and intimidated him by continually referring to him as "football head", and by leaving footballs inscribed football head Lilly" on a supply counter and tool box used by him and that Santilli's motivation was in part racism. Plaintiff alleges that Santilli's conduct was outrageous I and extreme and that Santilli intended to cause, and did in fact cause, the plaintiff severe emotional distress and injury to his reputation and standing among his fellow employees. Finally, plaintiff alleges that on April 30, 1993, pursuant to General Statutes § 7-465, he provided the City with notice of his intent to file this lawsuit.
On January 11, 1995, the defendant City filed this motion to strike that portion of the first count of the plaintiff's complaint naming the City as a defendant.
 I.
The defendant City argues that the first count of the complaint should be stricken as it applies to the City because under General Statutes § 52-557n(a)(2)(A), the City is immune from suits alleging "acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct", and in the first count the plaintiff is in effect claiming "actual malice" and/or "wilful misconduct" on the part of Santilli.
Plaintiff claims that the City is liable, pursuant to General Statutes § 7-465, to indemnify its employee, Santilli, for his wrongful misconduct.
The plaintiff further argues that a claim under42 U.S.C. § 1983 is a civil rights claim. Thus, the plaintiff argues that pursuant to Section 7-465 the defendant City is liable if proper notice has been filed, which has been alleged in the complaint. As to this latter claim the short answer is that no claim under 42 U.S.C. § 1983 is made in the first count.
 II.
General Statutes § 52-557n(a)(2)(A) provides in part:
 Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) CT Page 5775 Acts or omissions of any employee, officer, or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct.
In Sanzone v. Board of Police Commissioners, 219 Conn. 179,191-92, 592 A.2d 912 (1991), the Supreme Court held that the term "provided by law" as used in the savings clause is limited to state and federal statutes. Plaintiff's allegations that Santilli's conduct was extreme and outrageous, motivated by race, and performed with intent to cause injury fairly amount to wilful conduct within the meaning of the statute.
 III.
General Statutes § 7-465 states in pertinent part:
 (a) Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality, . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . . (emphasis added).
The impetus for the enactment of General Statutes § 7-465
was that "[a]t common law, municipal officers were liable for their own torts, but the municipality, their municipal `master,' was not vicariously liable for those torts. . . . Section 7-465(a) CT Page 5776 effectively circumvented the general common law immunity of municipalities from vicarious liability for their employees' acts by permitting injured plaintiffs to seek indemnification from a municipal employer for such acts under certain circumstances and after conformance with certain statutory requirements. . . ." Sanzone v. Board of Police Commissioners, supra 219 Conn. 193.
In West Haven v. Hartford Ins. Co., 221 Conn. 149, 156,602 A.2d 988 (1992), our Supreme Court stated: "The plain and unambiguous language of 7-465 provides that a municipality is not obligated to pay damages if the employee was acting in a wilful or wanton manner."
Since we have already concluded that the allegations of Count I amount to a claim of wilful conduct on the part of Santilli, the City would be immune from the claims in Count One under General Statutes § 7-465, as well as General Statutes §52-557n.
Motion to Strike Count One as it relates to defendant City of Hartford is granted.
Wagner, J.